CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 30 2006

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TROY A. JONES, Administrator of the Estate of RENEE ANNETTE RUNKLE Jones, deceased,<br><br>*Plaintiff,*<br><br>v.<br><br>MARY ELIZABETH MILLER, ET AL.,<br><br>*Defendants.* | CIVIL ACTION NO. 6:06-CV-00014<br><br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Mary Miller's June 21, 2006 motion to dismiss Plaintiff's claim for punitive or exemplary damages pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. Background

Plaintiff Troy A. Jones, as administrator of the estate of Reneé Annette Runkle Jones, filed a motion to amend this wrongful death action and a proposed amended complaint on May 5, 2006. The Court granted Plaintiff's motion to amend on June 20, 2006.

The amended complaint alleges that on or about May 13, 2004, Plaintiff's decedent "was walking at or near U.S. Route 29 South at or near the Grace Street ramp in the City of Lynchburg" when Miller, who was driving her vehicle "at a high rate of speed" struck and ran over her. Plaintiff alleges that Miller's actions failing to keep a proper lookout, failing to maintain proper control of her vehicle, failing to yield, operating her vehicle in an unsafe manner,

1

and fleeing the crime scene while plaintiff's decedent laid on the pavement with severe injuries "constitute willful and wanton conduct and demonstrate such recklessness as to evince a conscious disregard for the safety of others." Plaintiff asks that Miller, co-Defendant Millard Chavis (whose vehicle is alleged to have struck Plaintiff's decedent after Miller's), and Chavis' employer, co-Defendant Mail Contractors of America, Inc., be held jointly and severally liable for compensatory damages of $2,003,300, while claiming $350,000 in punitive damages against Miller only.

Miller seeks dismissal of the claim for punitive damages on the grounds that Plaintiff's allegations are insufficient to state a claim under the law of Virginia.

## II. Standard for Dismissal

For purposes of a Rule 12(b)(6) motion, all factual allegations in the plaintiff's complaint must be accepted as true and viewed in the light most favorable to the plaintiff. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994); *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984). A claim should not be dismissed unless it is apparent that the nonmoving party would not be entitled to relief "under the facts alleged and under any facts that could be proved in support of the complaint." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

## III. Discussion

Virginia law applies to the substantive issues in this diversity action. Under Virginia law, punitive damages are not generally available in "run-of-the-mill personal injury cases." *Booth v. Robertson*, 374 S.E.2d 1, 3 (Va. 1988). Rather, they are recoverable "only where there is

2

misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others."[1] *Id.* at 2 (quoting *Wood v. Amer. Nat. Bank*, 40 S.E. 931, 934 (Va. 1902)).

Miller argues that Plaintiff's claim for punitive damages must be dismissed because (1) his allegations involve nothing more than allegations of careless, reckless, and ordinary negligent conduct; (2) Virginia courts do not accept mere conclusory allegations of willful and wanton conduct evincing a conscious disregard for others; and (3) awards of punitive damages have been denied in similarly egregious cases.

At the motion to dismiss stage, before all of the facts surrounding the accident have been developed, it is premature to conclude that Miller's alleged conduct does not meet Virginia's standard for punitive damages. Facts that "could be proved" supporting the allegations concerning Miller's driving that night—particularly the allegation of leaving the scene after striking and severely injuring Plaintiff's decedent—could very well demonstrate misconduct, malice, or willful and wanton recklessness of the requisite degree. *See, e.g., Anderson v. Wiggins*, 1997 WL 470367 * (W.D. Va. 1997) (denying motion to dismiss claim for punitive damages in wrongful death action because allegations of high speed driving, running a stop sign and entering an intersection without stopping, failing to keep a proper lookout, and operating vehicle in a reckless manner could conceivably be proved by evidence at trial that would show "that [defendant] acted in such a manner that punitive damages would be appropriate"); *Webb v. Rivers*, 507 S.E. 2d 360 (Va. 1998) (reversing trial court's dismissal of punitive damages claim, finding that jury could infer that the defendant's action driving while so intoxicated that he did

---

[1] This precise standard has been specifically adopted by the Virginia legislature in motor vehicle personal injury cases. Va. Code. § 8.01-44.5.

3

not know where he was nor the time of night evinced a conscious disregard for others' rights).

As for Miller's second argument, while a duty to plead detailed facts may exist in Virginia courts with respect to punitive damages,[2] Miller is stuck with the federal system's liberal rules of notice pleading, having chosen a federal forum by joining in the removal of this case from Virginia circuit court. Rule 8 of the Federal Rules of Civil Procedure requires only "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." *See also Conley v. Gibson,* 355 U.S. 41, 48 (1957) ("[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.")

Finally, Miller's argument that punitive damage awards have been reversed in comparatively egregious cases[3] also is not well taken. These cases are readily distinguishable in

---

[2] At least prior to January 1, 2006, Virginia appears to have been a "fact-pleading" jurisdiction. *Compare* Va. Sup. Ct. Rules 1:4, 3:3 (2005) *with* Va. Sup. Ct. Rules 1:4, 3:2 (2006). All of the cases upon which Miller relies predate the amendments effective January 1, 2006, to the Virginia Supreme Court rules.

[3] *Does v. Isaacs,* 579 S.E. 2d 174 (Va. 2003) (finding that trial court erred in submitting claim for punitive damages to the jury despite evidence that defendant exhibited clear signs of intoxication at the accident scene, twice requested that the accident victims not call the police, and abandoned the scene and an injured passenger while her husband went to call for help); *Hack v. Nester,* 404 S.E.2d 42 (Va. 1991) (reversing jury award of punitive damages despite evidence that defendant had been drinking, had two prior DUI convictions, and was operating his vehicle at night, without a headlight, while suffering from night blindness, and driving his vehicle on the wrong side of the road); *Puent v. Dickens,* 427 S.E.2d 340 (Va. 1993) (sustaining trial court's decision to strike claim for punitive damages despite evidence that defendant was drinking immediately before and after the collision, was going very fast, did not attempt to stop before

4

that punitive damages were denied only after discovery closed and all the evidence produced, not on a motion to dismiss.

## IV. Conclusion

The Court finds that a hearing on Miller's motion to dismiss would not aid in its determination of the merits. Therefore, the motion will be denied for the above-mentioned reasons and the hearing will be cancelled in an order to follow.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

Date: June 30, 2006

---

"rear-ending" the plaintiff, and attempted to leave the scene of the accident).